Counsel, for the record, please identify yourself and tell us who you represent, and then tell me how much time you would like to reserve for rebuttal. Yes, good morning, Your Honors. Chris Zilberstein on behalf of the appellant, George Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1. I'd like to reserve five minutes, please. In this case, the broad question is whether or not the bankruptcy court abused its discretion in denying the motion to reconsider. In order to determine that, we need to narrow the focus a little bit and look to see whether or not the court abused its discretion when the court failed to consider the payoff quote that was presented with the motion to reconsider. How do we know the court failed to consider it? The court repeatedly said it was not sufficient evidence. But we have the California Civil Code 2943-D1, as well as the case law, that says that a payoff quote is binding. And it— It doesn't quite say that. It says it's admissible and can be relied upon. And it must be relied upon. The cases that we cited in our brief showed that in the event of an error, the party who presented the payoff quote is stuck with the numbers that are in the payoff quote. So we have a situation here with Chase presenting this payoff quote that says roughly $285,000 is owed, but the court didn't take that into consideration. The court requested additional— The modification a few years before, there was like $140,000 or so of deferred principles. That was not paid, right? I mean— From my understanding, it has not been paid. I do not know why that amount has, in essence, vaporized. There is nothing in anything that Chase has presented as to why they waived the $217,000 deferred principle. But your client, Judge Jafremski, told your client, do discovery, find out what happened here. I'm paraphrasing what he said. He didn't want just a conclusory statement of what's due. He wanted to get behind how they got to that number. And your client didn't do that, correct? When I reviewed the transcript, I didn't take it to mean he was looking for the background. He was just looking for the source of the information, something more than the payoff quote. So something under penalty of perjury, something more substantial than the payoff quote. And so— But he was wondering about what happened to deferred principles. He wanted something that made sense. That was probably foolish of him. I mean, you've got a loan modification agreement, right? And it says we've got — this is the principle balance in the neighborhood of $500,000. And if you comply with the terms of the modification agreement, you only have to pay the lesser amount. But if you sell the property before then, you've got to pay the greater amount. So the principle debt is still there under the terms of the modification agreement, isn't it? It is. But should Chase have presented that payoff quote to an escrow officer, that amount, the $285,000, would have been paid and the loan would have been satisfied? Maybe. If that had happened, if somebody had done something in reliance on the payoff quote, that would be a different situation. Who did anything in reliance? Who changed their position irrevocably in reliance on this payoff quote? Well, my client has. They've gone to this point where they're trying to defend their lien and prevent it from being stripped. Well, what did they actually do to defend their lien to prevent it from being stripped? They were served with both of the lien avoidance motions, weren't they? They were. And as soon as they found, as soon as they learned that this was going to be an issue, they were constantly trying to get information from Chase to substantiate the amount that was owed. Why did they let orders be entered against them? At the time, they felt that they didn't have sufficient evidence to present to the court that would be considered evidence. So they couldn't file an opposition and say, judge, I need more time. I need to subpoena Chase. I'm not getting the information I need. I oppose this motion. You know, they let an order, they let two orders be entered. They finally figured it out in April. And then it took another six months for them to file a motion for reconsideration. And they're crying foul. Well, as soon as they received the first motion to value, they began their inquiries to get what is the amount owed on the first. They were met with roadblocks, clearly, because they didn't get that until after the second motion was granted. But they didn't take kind of the obvious step to get through those roadblocks, and that is serve a subpoena, right? Get compulsory process out there. They didn't feel once this first motion of value had been denied, there is nothing to create to conduct discovery at that point. So there's nothing that they should could or could have done at that point. So then when the second motion to value was filed, they were presented with the evidence that from the emails as well as the evidence in the motion. And without something more concrete than a supposition of what's in the credit report, they didn't feel like they were in a position to bring to the court an argument based on supposition. But couldn't they have come to the court and said, we have this credit report. We understand that's not much evidence, but it makes us suspicious that these loan balances aren't correct. Please continue this so we could do some discovery. They didn't do that, right? That is correct. They did not do that. And they probably could have. However, I think this is one of the questions that we as attorneys face on a regular basis. Do we have sufficient evidence to bring to the court that would warrant a continuance or warrant discovery? And I think- You know, counsel, frequently when we deal with problems here on appellate work where the trial judge has been sort of rushed and hasn't been careful about things and hasn't thought things through and therefore error arises. We have a case where we got the second motion. The reason you have a second motion to value is because the judge, being a very careful judge, said, I'm not going to sign the order because I don't think the evidence before me is sufficient. I want better evidence. So it seems to me that it's reasonable to infer that given the judge's inclination to try to get a complete record before proceeding, that if someone had come to him, to this judge, and said, the record is unclear here, Judge, exactly what the principal balance is on this debt. We've got conflicting information. We want more. And I'm also impressed by the fact that later the judge turns to your client and says, I want you to conduct discovery. I want you to get out there and find out what the facts are. Even under that kind of pressure from the judge, it kind of blew him off. I think the idea was to conserve cost. And at least that's what I'm being told and that's what I'm seeing in the record. They made every effort to conserve costs because, as we all know, such discovery can be very expensive. And they had contacts with whom they were working at Chase in order to obtain the payoff quote. Those contacts just weren't very forthcoming or quick or expeditious. And they did what they thought was the best thing to do in their power. They didn't feel that they were in a position to come to the court and say, I have this that there's a problem here. And unfortunately, I think part of the problem is that the credit report would be difficult to present as evidence. There's no real basis to lay a foundation. The bulk of it would be redacted for privacy reasons. And it's difficult to rely on. I can see that Chase's conduct in the case is sort of inexplicable, even on this record. We don't know exactly why it is they were doing what they were doing, possibly because they didn't know what they were doing. But even so, I mean, you're asking us to overturn the ruling of a judge who basically said, I'm not going to grant you a motion because you sat on your rights too long and you didn't do all you needed to do in order to protect your client's interests. How can we say that it was unreasonable in that? Well, if that were truly the issue, that would have been raised at the first hearing. The first hearing surrounded the issue of the evidence. And the timing is akin to element A, that you have to meet in order to proceed with such a motion. And if that hadn't been met, then why even suggest the discovery? Why even continue the matter three approximate months to allow a discovery, among other things? Unless that item hadn't been satisfied, there's no point in expending those resources or the court's time to continue the matter out to see if there was additional evidence that could be presented. And then we have the proof of claim. It's signed under penalty of perjury. We have the 410 that says the amount is roughly $286,000. We have the 410A that lists no deferred balance. This is Chase's representation to the court that this is the amount owed. If we allow courts to reconfigure the amount owed, we would have chaos in the bankruptcy court every time there's a proof of claim filed. Because not only would the debtor not know what is owed, the trustee wouldn't. The other parties wouldn't. Five minutes is your time. Yes. And I would like to reserve the remainder of my time. Thank you. Thank you. Counsel. Introduce yourself. Tell us who you represent. Good morning, Your Honor. My name is Raymond Miller. I'm representing the appellee Medina. I believe I just heard counsel concede that the bank didn't act because they didn't feel they had sufficient evidence. So it appears they already made a business decision that they didn't want to expend resources to oppose either the first or the second motions to avoid their lien. I was frankly surprised when they didn't, but sometimes this happens. I felt we had provided what evidence we could obtain reasonably at the time. That was more than two years ago. The real issue here is an order was entered avoiding their lien. And even then, the bank didn't act for months and months. Sure, there's some emails back and forth between the bank and perhaps Chase and with me. And I responded basically repeating what evidence I had that I relied on. Because it's important to know whether you are basing on something real or insubstantial. What we had was an unsigned version of the loan modification agreement. And in the hearing on, let me back up, the bank filed their motion for reconsideration sometime in October of 2016, I believe that is, 2017, excuse me. They waited 11 months and in that 11 months they didn't do any discovery on their own. The lower court judge urged them to obtain direct evidence themselves to, and he basically gave them an outline. I think you need the person most knowledgeable to be deposed to testify about what is actually owed. Because the issue is a deferred balance, which doesn't appear on payoff quotes from most banks. And that is something that is out there in the industry. Counsel, I have a question for you. Observation, we never refer to the bankruptcy court as a lower court. If your client sold this house tomorrow, what would be the payoff balance? That's when the deferred balance would come into play. That's when it would be calculated at an escrow. Would it be in excess of $500,000 or would it be $200,000? It would be in excess of $500,000, Your Honor. Because under the terms of the payoff agreement, the principal balance is still charged against the house. Is that correct? That's correct. The loan is split into two parts, an interest bearing amount and this deferred balance. They'd both be added up at a payoff. So why wouldn't that be added up as part of the lien avoidance motion? I always thought that it should. That's what has to be paid. That's the balance. I can only rely on my own experience. We have seen banks file claims where they don't include that deferred balance. And I've had that in more than one case. In this case, this claim by the bank was filed February 8th of 2018. And this is after the second continued hearing where the bank was supposed to come in with evidence as to whether there was a loan modification and what was the reason for it. The amounts that truly were owed. Doesn't this ruling give your client a potential windfall? I mean, the way the proof of claim stands, she could pay the $270, whatever it is, to chase and get rid of the deed of trust. She's already gotten rid of the second deed of trust. So she'd basically end up with this equity in the property in her pocket, even though she knows or believes that she still owes that deferred principal balance. Isn't that a potential windfall that would seem inequitable? Well, my understanding is there is a deferred balance that would be demanded at a title and escrow closing. And so the only windfall here would be if the property increased in value beyond when we valued the lien. And if the client can complete this Chapter 13 case to obtain that final order. At this point in time, I stand here convinced that my client owes both the regular principal amount and also the deferred balance. So the loan is at least $517,000. The deferred balance was $217,000 from the loan modification agreement signed in 2011. There's been no document that shows that it's been waived or canceled. I mean, the hypothetical I'm thinking of is something your client's probably not capable of carrying out because of her financial situation. But suppose she had $270,000. She could propose a plan modification and say, I'm going to pay off Chase's claim as filed in the case, and I will now own the property free and clear. Couldn't that potentially work if she, but for the minor problem of coming up with a $270,000? Well, that is a very big problem for my client, Your Honor. And we've been in this plan several years. And for her to complete this plan within the remaining balance that she'd have to propose a plan that would pay this extra amount over perhaps only two and a half more years, it would be frankly impossible for her to do it. Would she be able to cope with a plan that required her to pay part of the Deutsche Bank claim? Again, if this ruling were set aside and that claim were recognized as a secured claim? I believe my client's in her early 80s. Her capacity to earn money is very limited. And whether her adult children could help her, I really don't know. Most of her plan supports from family support, I think. Well, that is the issue, Your Honor. My client couldn't afford to do it. And in that case, either this Chapter 13 would probably be dismissed, in which case she'd be looking at a potential foreclosure, or she'd be converted to Chapter 7 to extinguish what debt she's allowed to. She'd still lose the house in either scenario. This is not her residence, correct? There were two houses. They were near each other. The debtor was living in one, and then she moved to the other one. Right now, I can't remember whether she's residing in this particular house or not. But her family, her adult children live in the house, and they're paying the current mortgage as they go forward. I have nothing further to add, Your Honor. Thank you. Thank you very much. Counsel, you have five minutes. You might just say for the record who you are, so that... Yes. Chris Zilberstein again for Appellant. Thank you. A few items to respond to. It was not a business decision to not oppose the motion of value. My client didn't feel that they had sufficient evidence to oppose the motion of value. They felt that they were stuck with the evidence that had been presented, because they didn't really have anything reliable upon which to contradict the evidence that had been presented. They didn't want to spend the money to conduct formal discovery to obtain more evidence, right? I think when it came to the motion to reconsider, they didn't conduct the discovery because they had sources, resources that they were already working with. So to them at the time, it seemed to make more sense to go down that road rather than expend the money for the discovery, because they already had open communications with the people at Chase. With regard to the comments that no discovery was conducted in 11 months, well, between the time that the order was entered on the motion of value and when the motion to reconsider was filed, yes, 11 months passed. But there was nothing during that time upon which to conduct discovery. There was no motion pending. So it will be— So it's Rule 2004. I mean, you can always conduct discovery in a bankruptcy case in some fashion. Anyway, I'm sorry. I interrupted your question. No, no. I'm wondering why the judge's decision here just isn't simply right. I mean, we do have the payoff letter that you've come up with, which is sort of an anomaly, but isn't the underlying facts of this case is that there was a modification agreement of a loan for which the amount of the debt exceeded $500,000, and if this thing ever was going to closing, that Chase would finally figure out to submit a payoff in the amount of $500,000? In 2011, when the modification was entered into, yes, the amount owing was $518,000. If Chase were to present a payoff quote today, no, they would not present a $500 and some $1,000 payoff quote. Why not? Because they have presented several payoff quotes, the one that we presented to the court. They have also presented an email that says there is no deferred balance in support of that payoff quote. That was part of our evidence as well. This point in time, they are not looking to collect that money. How did that happen? They have no intention of collecting it. How did that happen? I don't know, and I don't understand it, and I have represented Chase in other matters, and I don't get it. But those are the facts. That's part of, I think, probably all of our problem. We see servicers come up with figures every day, and we can't understand where they came from. And I think if a payoff quote were presented today north of $500,000, I think the debtor would have an action based upon the information that has been provided in the bankruptcy case. We have a legitimate payoff quote at $285,000. We have a proof of claim at $285,000. We also have an email from Chase that says there is no deferred balance. I don't think that Chase would try to collect that money. They're just not presenting evidence to the court that says we're trying to collect this money. And this is not the debtor's residence. I checked the docket yesterday in preparing. She has another residence that's the residence listed as her principal residence on the docket. Is that significant? No, but I wanted to address that since it wasn't addressed. I think that's what our record indicates too. And my concern, my biggest concern, is that the proof of claim, the numbers in the proof of claim were ignored or overlooked. And the court went around the 410 and the 410A and went to the supporting documents and increased the proof of claim. As I mentioned earlier, everybody who works in a bankruptcy case relies on the proofs of claim and that they're reliable and they're the amount that's owed on the day of the filing. If we allow the court to supplement what's in on the face of a proof of claim, we're going to have chaos in the court when other parties try to rely on that information. We don't think that the court properly considered the payoff quote when the court should have. We have the payoff quote. We have the email in support of the payoff quote that the deferred balance is not owing. And then again, we have the proof of claim. And at this point, those numbers just aren't in support of the fact that the amount owed to Chase is over $500,000 and we request that you reverse the bankruptcy court's decision. Thank you very much for your presentation. This matter is being submitted. Please call the next case.
judges: Kurtz, Faris, Brand